JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 750
Los Angeles, California 90064
Telephone:   (323) 979-2063
Facsimile:    (323) 488-6748

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY SMITH-GALINDO,<br><br>    Plaintiff,<br><br>    vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>    Defendant | Docket No. _____<br><br>**COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 *et seq.* and the Telephone Consumer Protection Act 47 U.S.C. § 227 and **DEMAND FOR JURY TRIAL** |

Plaintiff Kimberly Smith-Galindo ("Plaintiff") by and through her attorneys, Firm Name, PLLC, as and for her Complaint against Defendant Midland Credit Management, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court also has

pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of 15 U.S.C. § 1692 et. seq., commonly known as the Fair Debt Collections Practices Act ("FDCPA"), Cal. Civ. Code § 1788 *et seq*., commonly known as the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), and 47 U.S.C. § 227, commonly known as the Telephone Consumer Protection Act ("TCPA").

## PARTIES

4. Plaintiff is a resident of the State of California, residing in the County of Los Angeles.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 3111 Camino Del Rio N, Suite 103, San Diego CA 92108.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

### *Collection Calls*

9. During the course of the past year, the Plaintiff began to receive collection calls from Defendant on her cell phone.

10. Plaintiff never authorized Defendant or any creditor to call her cell phone.

11. Defendant continued to harass Plaintiff with phone calls including calling multiple calls in a day, and up to twenty phone calls in a week.

12. Collection in this fashion is nothing more than an attempt to harass the debtor.

13. These calls from Defendant to Plaintiff were collection communications in violation of numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

14. These calls from Defendant to Plaintiff were collection communications in violation of numerous provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

15. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

16. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

### *Respondeat Superior Liability*

17. The acts and omissions of the debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

18. The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

19. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

20. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA,

RFDCPA, and TCPA, in their attempts to collect the Alleged Debt from Plaintiff.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

23. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of the RFDCPA)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

25. The RFDCPA requires debt collectors to comply with the FDCPA, and a violation of the FDCPA is also a violation of the RFDCPA. Cal. Civ. Code § 1788.17.

26. The remedies under the FDCPA and RFDCPA are cumulative, and Plaintiff is entitled to damages under both acts.

27. Upon information and belief, Defendant willfully and knowingly committed the violations of the FDCPA and RFDCPA described herein, and is entitled to statutory damages pursuant to Cal. Civ. Code § 1788.30(b).

## THIRD CAUSE OF ACTION
**(Violations of the TCPA)**

28. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

29. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

30. Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200(a)(1).

31. Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

32. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## DEMAND FOR TRIAL BY JURY

33. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

   a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

   b)   For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

   c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

   d)   For an award of damages pursuant to the TCPA, 47 U.S.C. § 227(c)(5)(B);

e)      A declaration that the Defendant's practices violated the FDCPA, TCPA, and the RFDCPA; and

f)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  October 28, 2015

                                        THE LAW OFFICES OF
                                        JONATHAN A. STIEGLITZ

                               By:      /s/ Jonathan A Stieglitz
                                        Jonathan A Stieglitz